UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DORIS CLARKSON, et al.          :

    Plaintiff,          :          91 CV 1792 (CM)
                 **Inmate Movant: Reynaldo Perez**
            :          **(DIN 09A1389)**
 -against-
            :
GLENN GOORD, et al.
            :
    Defendants.
-------------------------------------------------------X

## DECLARATION OF CATHY Y. SHEEHAN

  Cathy Y. Sheehan, pursuant to 28 U.S.C. Section 1746, declares under penalty of perjury as follows:

  1. I am Deputy Counsel for the New York State Department of Corrections and Community Supervision ("DOCCS") and the appointed DOCCS Ombudsperson for complaints made through counsel arising under the Clarkson Consent Decree. In that capacity, I supervise the handling of all complaints regarding requests for accommodations made by putative class members through class counsel pursuant to the consent decree entered on June 6, 1996 in this action. I submit this declaration in opposition to Mr. Perez's motion in this action in which he asserts that he was improperly denied access to a TTY (teletypewriter) machine by Woodbourne Correctional Facility ("Woodbourne") staff and denied access to a television viewing room used by deaf inmates at Woodbourne.

  2. I am not a named defendant in Clarkson, nor have I been named as a "defendant" in inmate Reynaldo Perez's motion under Clarkson. In addition, Na-Kia Walton of DOCCS'

1

Office of Diversity and Inclusion, is currently the Ombudsperson for complaints made directly by inmates. In my capacity as Ombudsperson, I supervise the coordination between Ms. Walton and Counsel's Office with respect to complaints made by inmates.

3. The terms of the Clarkson Consent Decree are codified in DOCCS Directive 2612. A true and correct copy of the latest version of DOCCS Directive 2612 is attached as Exhibit A.

4. ¶52 of the Clarkson Consent Decree states that "[i]n an effort to avoid motions for contempt and enforcement, defendants DOCS, OMH and Parole shall identify by title an ombudsperson responsible for handling requests for accommodations made by plaintiff class members through class counsel." A copy of the Clarkson Consent Decree is attached as Exhibit B. The October 23, 2003 Order in this action (Exhibit C hereto) further requires that a designated DOCCS Ombudsperson be contacted regarding an inmate's complaints before a motion for contempt is made. The December 8, 2011 Order in this action (Exhibit D hereto) further sets forth requirements for making contempt motions.

5. Notice of the October 23, 2003 Order has been provided in DOCCS facilities since March 2006.

6. It is my understanding that The Legal Aid Society is the appointed counsel for the plaintiff class under Clarkson.

7. It is my understanding that Mr. Perez has raised the issue of denial of TTY, but he has not raised the issue of access to the television viewing room used by deaf inmates at Woodbourne with me (through counsel) or with Ms. Walton, or her predecessor, as well.

8. The denial of TTY at Woodbourne (and, previously, at Wende) was, however, appropriate. Preliminarily, in the past Mr. Perez was designated as HL 20 (hard of hearing) as

defined under DOCCS Directive 2612 II(G), although subsequent audiological testing and observations by correctional staff have raised doubts that Mr. Perez is even HL 20 and, in fact, may be HL 30 (non-significant hearing loss). Regardless of whether Mr. Perez is still HL 20, under DOCCS Directive 2612 II(J), TTY services are provided to "deaf" (HL 10) inmates, not "hard of hearing" (HL 20) inmates. Accordingly, the denial was proper.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 20, 2019

Albany, New York

                                                      CATHY Y. SHEEHAN