UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORIS CLARKSON, et al.

Plaintiff,

-against-

GLENN GOORD, et al.

Defendants.

91-cv-1792 (CM)

**Inmate Movant: Reynaldo Perez**
(DIN 09A1389)

4/22/20

## MEMORANDUM AND ORDER

McMahon, CJ:

Plaintiff Reynaldo Perez filed an application seeking relief for an alleged violation of the consent decree in *Clarkson v. Goord*, No. 91-CV-1792 (RWS) (S.D.N.Y. June 6, 1996), relating to the treatment of deaf prisoners in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff brought his claim by filing a new action against various DOCCS officials ("Defendants") for allegedly violating Plaintiff's rights to disability accommodations, as set forth in DOCCS Directive 2612, Sec. VII (C)(1), which incorporates many of the requirements of the *Clarkson* Consent Decree. (*See Perez v. Lilley, et al.*, 19-CV-5378, Dkt. No. 1.)

*Clarkson* had been handled by the late Judge Robert Sweet since the case was originally filed back in 1991. Judge Sweet treated lawsuits alleging violation of the *Clarkson* consent decree as *de facto* motions for contempt filed in the *Clarkson* action itself. This court, following that precedent, entered an order deeming the complaint in the newly-filed action to be a motion for contempt in *Clarkson,* and directed that the new action be closed. (19-CV-5378, Dkt. No. 2.) Perez' application was considered on that basis.

For the reasons set forth below, Perez' contempt motion is denied.

## I.     FACTUAL BACKGROUND

Accommodation for DOCCS inmates who are deaf ("HL10"), hard of hearing ("HL20")

or who have nonsignificant hearing loss ("HL30") are governed by DOCCS Directive 2612. (*See*

Dkt. No. 178, Sheehan Decl. ¶ 3; Dkt. No. 179, Declaration of Na-Kia Walton ("Walton Decl.")

¶¶ 4-8.) DOCCS Directive 2612 implements many of the requirements of the *Clarkson* Consent

Decree entered in 1996. *See Figueroa v. Dean*, 425 F. Supp. 2d 448, 451 (S.D.N.Y. 2006)

(noting that DOCCS Directive 2612 contains "many, if not all" of the *Clarkson* Consent Decree

requirements).

Plaintiff Reynaldo Perez was diagnosed with a hearing level of HL20 (hard of hearing)

by medical professionals. (*See* Dkt. No. 181, Declaration of Anna Laforge ¶ 4.) As a result, he

has been approved for accommodations such as a telephone amplifier, access to closed caption

television, sound amplification, hearing aids, and headphones. (*Id.*)

DOCCS Directive 2612 II(J) dated 12/27/2018 states that TTY (teletypewriter) services

are "A telephone communication device for the deaf." (Dkt. No. 177, Exhibit Directive 2612.)

Accordingly, TTY services were provided to "deaf" (HL10) inmates, not inmates who were

"hard of hearing" designated HL20. (Laforge Decl. ¶ 6; Howard Decl. ¶ 5; Sheehan Decl. ¶ 8.)

Mr. Perez was not entitled to TTY (teletypewriter) access for use with telephone calls because he

is designated HL20.[1]

While the conduct complained of occurred at Woodbourne Correctional Facility

("Woodbourne"), and the defendants named in Plaintiff's "class action complaint" are officials at

---

[1] DOCCS Directive 2612 dated 12/16/2019, which supersedes DOCCS Directive 2612 dated 12/27/18, now
provides TTY services to "the deaf or hard of hearing." The 12/27/18 Directive is the Directive under which Mr.
Perez brought this action.

Woodbourne, on or about September 5, 2019, Mr. Perez was transferred to Fishkill Correctional Facility ("Fishkill"). (Howard Decl. ¶ 9.)

Mr. Perez has brought this action under the *Clarkson* Consent Decree asserting that (1) he was improperly denied TTY access by Woodbourne officials and (2) he was improperly denied access to a recreation room used by HL10 (deaf) inmates for television viewing. (Dkt. No. 171.)

## II.   DISCUSSION

To the extent that Plaintiff seeks equitable relief, Plaintiff's claims are now moot because he is no longer housed at Woodbourne.

However, Plaintiff has not shown by clear and convincing evidence that any of the actions he complains of violated any provisions of the *Clarkson* Consent Decree and that any DOCCS officials failed to comply with the *Clarkson* Consent Decree in a reasonable manner. Indeed, Plaintiff received to accommodations to which he was entitled to accommodations under the Consent Decree while housed at Woodbourne. Accordingly, there can be no finding of contempt.

### A.  Standard of Review

"The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of him." *Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986).

To succeed on a civil contempt motion, a party must provide clear and convincing proof of noncompliance. *New York State Nat'l. Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). A court's power to hold a party in civil contempt should be exercised only when: (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a

reasonable manner to comply. *Scottish Air Intl. v. British Caledonia Group, PLC*, 867 F. Supp. 262 (S.D.N.Y. 1994).

## B.  Plaintiff's Claims for Equitable Relief are Moot

Plaintiff seeks equitable relief in the form of the "the involvement of the Court" and enforcement of the *Clarkson* Consent Decree. (Dkt. No. 171, Motion for Contempt ¶ 6). Specifically, Plaintiff seeks access to a recreational room at Woodbourne designated for HL10 inmates and TTY services (*Id.* ¶ 3-5) and has named various officials and employees at Woodbourne as defendants including Lynn Lilley (Superintendent), David Howard (Deputy Superintendent for Programs), Anna Laforge (Offender Rehabilitation Coordinator), and Susan Sochinski (Sign Language Interpreter).

On September 5, 2019, Mr. Perez was transferred from Woodbourne to Fishkill Correctional Facility. (Howard Decl. ¶ 9). The rule in the Second Circuit is that "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials in that facility." *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). Accordingly, to the extent that Mr. Perez seeks equitable relief against the named defendants, his claims are now moot.

## C.  Plaintiff Has Not Shown Noncompliance with the *Clarkson* Consent Decree by Clear and Convincing Evidence

Plaintiff fails to establish that there was any contempt of *Clarkson* while he was at Woodbourne, because Plaintiff he received the accommodations to which the consent decree entitled him.

Plaintiff complains that Defendants denied him access to a T.V. room that has been designated "exclusively for the HL-10 deaf inmates ...." (Dkt. No. 171, Motion for Contempt ¶

5). Plaintiff also complains that he had an accommodation for TTY services at the Great
Meadow Correctional Facility but was not granted the accommodation at Woodbourne. (*Id.* ¶ 2).

However, Plaintiff has provided no proof that either of these thing amounts to
noncompliance with the Consent Decree. To the contrary, everything before the Court shows that
it has been complied with.

Under DOCCS Directive 2612 II(J) dated 12/17/18, TTY services are provided to deaf
HL10 inmates -- and not to HL20 inmates like Mr. Perez. (Laforge Decl. ¶ 6). As an HL20
inmate, Mr. Perez was not entitled to TTY services or the use of the recreation room designated
for HL10 inmates.

It may be that Mr. Perez was granted an accommodation for TTY services at the Great
Meadow Correctional Facility, where he was housed prior to January 2019. But assuming
arguendo that he was, the accommodation was over and above anything required under the
consent decree, as memorialized in DOCCS Directive 2612. The fact that he was accommodated
more generously than required by the consent decree at Great Meadow neither amends the decree
in his favor nor gives rise to any entitlement to the extra accommodation he as gratuitously
afforded.

Regarding the recreation room, Mr. Perez is entitled to other accommodations , such as
access to televisions with closed caption and has headphones with audio control to use with those
televisions. (Laforge Decl. ¶ 7). Mr. Perez was provided the accommodations to which he was
entitled under DOCCS Directive 2612. (*See* Howard Decl., ¶¶ 4-6; Laforge Decl. ¶¶ 4-7).
Therefore, Mr. Perez has not demonstrated by clear and convincing evidence that the defendants
should be held in contempt.

## CONCLUSION

For the foregoing reasons, Plaintiff's contempt motion is DENIED. The Clerk of the

Court is directed to remove the motion at Dkt. No. 171 from the Court's list of pending motions.

Dated: April 21, 2020

Chief Judge

BY ECF TO ALL COUNSEL

BY MAIL TO:

Reynaldo Perez [DIN: 09-A-1389]
Plaintiff Pro Se
6600 State Route 96
Caller Box 119
Romulus, NY 14541