UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2022
```

DORIS CLARKSON, et al.

       Plaintiff,

-against-

GLENN GOORD, et al.

       Defendants.

91-cv-1792 (CM)

Inmate Movant: Reynaldo Perez
(DIN 09A1389)

## MEMORANDUM AND ORDER

McMahon, J:

  Plaintiff Reynaldo Perez, appearing *pro se*, filed an application seeking relief for an alleged violation of the consent decree in *Clarkson v. Goord*, No. 91-CV-1792 (RWS) (S.D.N.Y. June 6, 1996) (the "Clarkson Consent Decree"), relating to the treatment of deaf prisoners in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Plaintiff brought his claim by filing a Motion for an Order of Contempt (Dkt. No. 190, filed December 27, 2021) (the "Contempt Motion") directed to Five Points Correctional Facility Superintendent Lamanna and Deputy Superintendent Hill for allegedly violating Plaintiff's rights to disability accommodations, as set forth in DOCCS Directive 2612, Sec. VII (C)(1), which incorporates many of the requirements of the Clarkson Consent Decree. (*See Perez v. Lilley, et al.*, 19-CV-5378, Dkt. No. 1.)

  Mr. Perez's Contempt Motion concerns a request for reasonable accommodations for a hearing impairment. Mr. Perez asserts that, since his arrival at Five Points Correctional Facility on November 16, 2021, he has submitted multiple official requests for accommodations for his

1

hearing impairment. (*See* 2021 Contempt Motion.) Mr. Perez asserts that, as of December 15, 2021, he had not received any such accommodations. Accordingly, Mr. Perez filed the instant Contempt Motion for violation of the Clarkson Consent Decree and asks this court to enter judgment against Five Points Correctional Facility Superintendent Lamanna and Deputy Superintendent Hill (the "Five Points Superintendents").

This court has previously laid out the factual and procedural background of the *Clackson* Consent Decree in full (*see* Dkt. No. 188, Memorandum and Order Denying Motion for Contempt), but I will briefly recount the relevant background information for the purpose of the instant motion.

Accommodation for DOCCS inmates who are deaf ("HL10"), hard of hearing ("HL20"), or who have nonsignificant hearing loss ("HL30") are governed by DOCCS Directive 2612. (*See* Dkt. No. 178, Sheehan Decl. ¶ 3; Dkt. No. 179, Declaration of Na-Kia Walton ("Walton Decl.") ¶¶ 4-8.) DOCCS Directive 2612 implements many of the requirements of the Clarkson Consent Decree entered in 1996. *See Figueroa v. Dean*, 425 F. Supp. 2d 448, 451 (S.D.N.Y. 2006) (noting that DOCCS Directive 2612 contains "many, if not all" of the Clarkson Consent Decree requirements).

Plaintiff Reynaldo Perez was diagnosed with a hearing level of HL20 (hard of hearing) by medical professionals. (*See* Dkt. No. 181, Declaration of Anna Laforge ¶ 4.) As a result, he has been approved for accommodations such as a telephone amplifier, access to closed caption television, sound amplification, hearing aids, and headphones. (*Id.*)

Mr. Perez brings the instant motion under the *Clarkson* Consent Decree asserting that Five Points continues to deprive him of reasonable accommodations for his HL20 hearing impairment in violation of the Clarkson Consent Decree. (Dkt. No. 190.)

On January 26, 2021, counsel for named the defendants (in their official capacities only) to the underlying action (19-cv-1792) filed a letter response to Perez's Contempt Motion (Dkt No. 191) (the "Letter"). The Letter informed the court that neither of the Five Points Superintendents have been, to counsel's knowledge, served with Plaintiff Perez's Contempt Motion, and that neither of the Five Points Superintendents is, therefore, formally a party to this action.

The Letter further informed the court that in fact Mr. Perez's reasonable accommodations requests were granted by Five Points in full on December 21, 2021, and that Mr. Perez accepted in writing the grant of reasonable accommodations on December 28, 2021. Counsel attached Mr. Perez's fully executed reasonable accommodation form and so asked the court to deny the Contempt Motion as moot.

On January 27, 2021, this court directed Mr. Perez to respond to the Letter within 30 days. As of today, March 21, 2021, Mr. Perez has not responded to the Letter. He is, therefore, in default.

The court could direct Mr. Perez to serve the superintendents and formally join them in this action. However, because Mr. has acknowledged in writing that he was given his accommodation, it seems silly to do anything except deny the motion for contempt as moot.

This constitutes the opinion and order of the court. It is a written opinion. The Clerk is directed to close the motion at Docket Number 190.

Dated: March 21, 2022

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

3

BY MAIL TO:

Reynaldo Perez [DIN: 09-A-1389]
Five Points Correctional Facility
6600 State Route 96, P.O. Box 119
Romulus, NY 14541