UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BISMARK LITHGOW, on behalf of himself and all others
similarly situated,

Plaintiff;

-v-

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, (DOCCS); et, al

Defendants,

**25 CV 4249**

**VERIFIED**
**FORMAL COMPLAINT**
**"CONSENT DECREE VIOLATION"**



RECEIVED
MAY 20 2025
PRO SE OFFICE

**PLEASE TAKE NOTICE,** that the following prisoners below, as well as others similarly situated at Eastern Correctional Facility, in the Care, Custody and Control of the New York State Department of Corrections and Community Supervision (DOCCS), request that the obusman in the Clarkson Consent Decree, act on their behalf in this formal complaint, before filing individual and class action complaints and consent decree violations, for monetary and equitable relief, as well as for violations of the General prohibitions against Discrimination under the Americans with Disabilities Act Title II regulation's.

**PLEASE TAKE FURTHER NOTICE,** that at all times relevant herein, the following individuals below have already been classified as either 'deaf' or 'hard of hearing' by the Department of Corrections and Community Supervision, DOCCS and are considered 'qualified individuals with a disability' under the Americans with Disabilities Act of 1990; ("ADA"), 42 U.S.C. § 12131, 12123; *et, seq.,* and the

1

Rehabilitation Act, 29 U.S.C. § 794. And can and will show proof of noncompliance with the Clarkson consent Decree, if we are granted a hearing on the matter as expeditiously as possible, as well as the Americans with Disabilities Act of America, due process, Eighth, Fourteenth Amendments to the Constitution and the equal protection clause.

**ATTN:**
**Ombudsperson for *Clarkson v. Coughlin*, et, al Consent Decree**
   91-Civ-1792 (RWS)

Cc: To: The United States District Court Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Dear: Ombudsperson for *Clarkson* Decree and Honorable District Judge:

Plaintiff's BISMARK LITHGOW# 15-A-1541, as well as others similarly situated A. LINO # 19-A-1930; K. FOY# 02-A-5354; J. SCHLAU # 12-A-1439; C, STEWART # 24-R-1037; W. TRAVER # 19-A-4156; C. WOODROW # 23-B-0922; P. ALLAN #06-A-6011; R. ANDERSON #09-A-1717; B. BAGLEY #17-B-0112; SILVA CARRERO # 13-A-3235; M. FAIRHURST #04-A-5044; B. FRANCO # 05-A-5684; P. GARCIA #97-A-3587; P. GOINES #12-B2060; GRASSO # 15-1866; G. IRVING # 16-A-2753; K. KENNEDY #92-A-7920; M. LORANDOS #97-A-0976; R. PATTERSON; #19-A-0671; M. PAYNE # 18-A-4082; J. RAMRATTAN #12-A-0608; ROBERTSON J. #05-A-0732; RUPLE, B. #12-B-0520; SIMPSON #96-A-3862; SOTO, W. #09-A-6222; STEELE, J. #24-B-0690; STEWART, C. #24-R-1037; TOMLINSON, A. #12-B-1623; WALKER, G. #98-A-2082; WILLIAMS, C. #16-A-1166; WILSON, A. #11-A-0498; WORLEY, J. #11-A-3392; STEVEN JUDE #17-A-0890; ROBERTSON, E. #17-A-1841.

2

## PRELIMINARY STATEMENT

The above prisoners Bismark Lithgow, A. Lino has been deaf from birth, has virtually no residual hearing or ability to speak, and communicates primarily through ASL, they have limited ability to communicate in written English, and represent the two sub classes for this formal complaint.

All complainants' is either deaf or hearing impaired, or also visually impaired, and communicates through ALS. Signed English, Lip Reading, and have been and continue to be discriminated against solely based on their disabilities in receiving the rights and privileges accorded to all other inmates; as well as the statutory constitutional provisions under the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act of 1973.

**WHEREAS,** the complainants alleges, amongst other things, that DOCCS has discriminated against Deaf and Hard of Hearing and Blind and Visually Impaired Incarcerated Individuals at Eastern Correctional Facility, and has not followed the provisions of the ADA, and designated a responsible employee to coordinate its efforts to comply with DOCCS obligations under the ADA, with respect to DOCCS Sensorial Disable Population, and refused to provide the complainant's with the name, address and telephone number of that employee, see: 28 CFR § 35.107;

WHEREAS, as a public entity with fifty or more employees, DOCCS is obligated under the ADA to "designate" at least one responsible employee to coordinate its efforts to comply with and carry out its responsibilities under the disability statutes, including any investigation of any complaint communicated to it alleging its noncompliance with this Part or alleging any actions that would be prohibited by this part, which they have failed to do, and have not appointed a responsible employee to coordinate its efforts, and do not have a disability rights coordinator. 28 CFR § 35.107(a);

3

WHEREAS, DOCCS, as a "public entity" that employees 50 or more persons shall adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part; which they have failed to do. 28 CFR § 35.107(b).

WHEREAS, on February 19, 2025, The Honorable Kathy Hochul, issued an Executive order 47 declaring a State Disaster Emergency in the State of New York arising from an illegal and unlawful strike by correction officers that began on February 17, 2025, and has continued thereafter;

WHEREAS, New York State Civil Service Law Section 210, Known as the Taylor Law, strictly prohibits strikes by public entities employees and therefore deems any such strike illegal. This prohibition safeguards the continuity of vital services, programs and activities, and excludes me from participation in or be denied the benefits of the services, programs, or activities, of DOCCS at Eastern, that is being afforded to non-disable incarcerated individuals, and subjecting me as well as others similarly situated with Sensorial Disabilities to discrimination; see. 28 CFR § 35.130;

WHEREAS, Subdivision 4 of Section 50 of New York State Civil Service Law authorizes the disqualification of applicants from civil service employment who have previously been dismissed from public service for misconduct or otherwise separated under circumstances demonstrating misconduct;

WHEREAS, New York State is committed to the fair and merit-based hiring of public employees, and ensuing that all individuals appointed to State Service uphold the law and their oath of public office. Individuals participating in illegal strikes have willfully and knowingly violated the Taylor Law, and the constutional and statutory laws of United States, and an order of the Supreme Court of the State of New York, by engaging in misconduct that undermines the public trust, constitution and demonstrates a disregard for the law, disrupts the public entities Programs, Services,

4

and Activities, and is inconsistent with suitability for public service role; and disability statutes;

WHEREAS, it is therefore necessary to establish a State policy barring the hiring of individuals appointed to State Services uphold the law, and their oath of public office. Individuals participating in illegal and unlawful strikes and recommending their separation from State Services be reported as a removal for cause, consistent with State Law and applicable regulations;

WHEREAS, DOCCS, its agents, servants, and employees have infringed upon our right of the equal protection of the laws and violation of the provisions of the ADA, and the Rehabilitation Act, and has failed to provide notice of the rights to accommodations and available assistance, which has caused some of the complainants to become depressed and suicidal, in which DOCCS has resumed the operation of the prison however not the operation of the Sensorial Disable Unit, SDU, and/or Sensorial Disable  Program, services and activities, in the SDU and Recreation, claiming they do not have the correction officer staff to monitor the Sensorial Disable Unit, SDU recreation, where the deaf and blind are housed, and can safely attend a separate recreation area designed for their disability needs, which Eastern Correctional is not the most integrated setting for Sensorial disable Blind and Deaf inmates, and we are preparing for a class action for both deaf and blind prisoners in DOCCS custody.

WHEREAS, during the illegal lockdown strike by DOCCS employees, the Plaintiff's disability was exacerbated by and amplified the harmful effects of hearing loss. The complainants, who are either deaf, or heard of hearing or blind, were often unable to collect information about their surroundings through auditory stimulation, and the visible environment in B-3, housing unit was incredibly separate. When prison staff are unable to communicate via sign language, deaf and hard of hearing

5

people are cut off entirely from communicating with others while during the illegal strike.

WHEREAS, it is well established that people with vision and hering loss are especially vulnerable to developing hallucinations, paranoia, and psychosis. During the illegal strike and afterwards, the complainant's were prevented from engaging in the few activities that are available in some units-reading, educational, workbooks, phone usage, and television-due to their disability.

WHEREAS, DOCCS authority and discretion regarding the necessary administrative functions of the operation of the prison, and their duties prior to the illegal strike, and before, which are well defined, cannot stand in tension with defendants obligations under the ADA and Rehabilitation Act by denying me, as well as others similarly situated, access to the Sensorial Disable Program, SDP recreation in order to access the TTY, and close caption television, adequate assistive communications devices for telephone and television, qualified interpretive services and/or assistive devices, SDU recreation, TTDs, closed caption decoders, visual safety alarm's, access to the same range of special services that is and we had prior to unlawful, illegal strike, daily access to the TTY, inside and outside in the yard, in order to be able to effectively communicate, socialization, and rehabilitation, Education, vocational programs, a sign language interpreter, reasonable accommodations, Sensorial Disable Recreation, with TTY, daily phone access, medical, and the opportunity to participate in or benefit from the Sensorial Disable Unit, SDU, and Sensorial Disable Unit SDP, program, aids, benefits, or services, under the Americans with Disabilities Act, that is not as effective in affording equal opportunity to obtain the same result, to gain the the same benefit, or to reach the same level of achievement as that provided to non-disable incarcerated persons;

WHEREAS, Securus Technologies, whose parent company is Aventi, has failed to create any application such as a TTY communication App, on its J. Pay

6

tablet program for deaf inmates to effectively communicate with family and friends, like they have for the blind, in which my mother is in the hospital and cannot communicate with me unless it's by TTY only since being in prison, and before the strike, who I have not been allowed to contact due to DOCCS correctional staff engaging in an illegal strike, and unlawful demonstration against the Department of Corrections and community supervision, and not running any programs, services or activities for the deaf and hard of hearing, as well as being unable attend the Sensorial Disable Program, SDU, SDP, recreation, and other accommodations where the TTY device is located that is utilized for deaf people to communicate, which has me extremely depressed and sadden and not knowing what to do.

WHEREAS, Title II of the ADA states "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

WHEREAS, DOCCS is a recipient [of federal assistance] and has suspended and canceled the Sensorial Disable Unit, SDU, programs, services and activities, and has isolated sensorial disable prisoners, and (i) Denied qualified individuals with disabilities the opportunity accorded to others to participate in the program receiving Federal financial assistance, and through their continuing policies, DOCCS has continuously fail to recognize sensorial disable prisoners' rights under the Americans with Disabilities Act, especially during the illegal unlawful strike, causing several of them to experience claustrophobia, blackouts, hopelessness, suicidal and homicidal actions, and extreme frustration.

(ii). Deny a qualified handicapped person an equal opportunity to achieve the same benefits those others achieve in the program receiving Federal financial assistance... (iv) Deny a qualified handicapped person an equal opportunity to participate in the program by providing services to the program financial assistance

7

informed me as well as others that the American with Disability Act Statutes cannot protect us, although Section 504 and the ADA, and their respective regulations provide that qualified individuals with disabilities may not be excluded from participation in programs, or be denied the benefits of services, or activities offered by the public entity.

WHEREAS, DOCCS has failed to provide for TTY communication services for the deaf to be able to effectively communicate in the yard, qualified interpreters, in the Gym, and housing unit, in which non-deaf inmates are able to effectively communicate during any time of the day, in the yard, in the block, and during all times in their cell through the J. Pay Securus Technologies company tablet program, however deaf incarcerated persons such as myself, Lino, and others is unable too effectively communicate, which my mother has been in the hospital going on two years now.

WHEREAS, the complainant asks the Department of Justice and the Federal Court, in the Southern District of New York, where there is a permanent injunction, under the *Clarkson v. Coughlin*, et, al, 898 F. Supp. 1019, case, to intervene on his behalf, as the complainant has been segregated for an extended period of time to his cell for purposes other than disciplinary charges. The Social isolation and deprivations of occupational and anchoring perceptual stimulation is amongst the most extreme form of punishment which can be inflicted on deaf people short of killing them.

WHEREAS, For centuries, people with disabilities have been harmed by the deprivations and indignities of the Department of Corrections, and Community Supervision, with the disability based discrimination, the DOCCS main Office, and Executive Team at Eastern Correctional facility renders my accommodations for my disability conditional, by canceling and suspending services of the Sensorial Disable Unit, SDU, and Sensorial Disable Program, SDP.

8

WHEREAS, DOCCS authority and discretion regarding them not running the Sensorial Disable Unit Programs, SDP, Services, and activities, and not affording deaf and hard of hearing recreation, TTY, and others services they had prior to illegal unlawful conduct of DOCCS agents, servants and employees, is violative of the ADA, and Rehabilitation Act; DOCCS obligations under the ADA and the Rehabilitation Act.

The Defendants actions required several of the complainants to seek immediate medical and mental health treatment. The illegal strike and lockdown setting also triggered Mr. Lithgow's anxiety, and brought up past traumatic experiences, illegal strike and lockdown has exacerbated Mr. Lithgow's depression, and anxiety

9



B<s> [redacted]
Eastern Correctional Facility
30 Institutional Rd
P O Box 338
Napanoch, N.Y. 12458-0338

RECEIVED
MAY 20 2025
U.S. DISTRICT
POST OFFICE
SDNY

177

To: United States District Court
Southern District of N.Y.
500 Pearl Street
New York, N.Y. 10087

legal mail

EASTERN
CORRECTIONAL FACILITY
NEOPOST
05/14/2025
US POSTAGE $002.31
ZIP 12458
041M11463363